**E-Filed 07/31/07**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CATHY ENWERE,<br><br>        Plaintiff,<br><br>    v.<br><br>TERMAN APARTMENTS, L.P.,<br>d/b/a G & K MANAGEMENT CO.,<br><br>        Defendants. | Case Number C 07-1239 JF (HRL)<br><br>ORDER[1] GRANTING MOTION TO<br>DISMISS WITH LEAVE TO AMEND<br><br>[re: docket no. 19] |

## I. BACKGROUND

Plaintiff, proceeding *pro se*, filed the initial complaint in this action on March 1, 2007, alleging racial discrimination in housing. The complaint consisted of factual allegations in narrative form. The crux of the allegations is that Plaintiff made an appointment to see an apartment, and that when she arrived for the appointment and Defendants became aware of her race, Defendants refused to show her the apartment.

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 07-1239 JF (HRL)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX2)

On April 24, 2007, Defendants Terman Associates, L.P. ("Terman")[2] and G&K Management Company, Inc. ("G&K") moved to dismiss the complaint for lack of subject matter jurisdiction, failure to state a claim, and insufficiency of service. On May 2, 2007, Plaintiff submitted a document entitled "Amendment to Complaint" and an accompanying, hand-written request that the document be accepted as an amendment to the initial complaint. This one-page amendment consisted primarily of narrative and argument. Because Plaintiff had not filed another amendment previously, the amendment was filed as of right. *See* Fed. R. Civ. P. 15(a). The operative complaint in this action is now the initial complaint as amended by this subsequent filing. Because the complaint had been amended, Defendants's motion to dismiss was denied as moot on May 7, 2007.

On May 29, 2007 Defendants refiled their motion to dismiss Plaintiff's complaint. Defendants assert that considering the amendment, Plaintiff has failed to include "the basis for federal court jurisdiction, the statutory basis for her complaint, the identification of any specific cause of action, and the basic background facts that would explain how she allegedly was discriminated against." Motion 1. Plaintiff opposes the motion. The Court heard oral argument on July 27, 2007.

## II. LEGAL STANDARD

**A.      Federal Rule of Civil Procedure 8**

>   A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a)

**B.      Failure to State a Claim**

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the

---

[2] Defendants state that the name used by Plaintiff "TERMAN APARTMENTS, LP" is erroneous.

Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The pleading of a *pro se* litigant is held to a less stringent standard than a pleading drafted by an attorney, and is to be afforded the benefit of any doubt. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988). Further, a *pro se* litigant must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

### III. DISCUSSION

As discussed below, Plaintiff's amended complaint contains a number of technical deficiencies. While it appears likely that Plaintiff will be able to state a claim, she must comply with the relevant procedural rules. To satisfy this requirement, Plaintiff should address the deficiencies identified below in a second amended complaint.

**A.  Claims Under Federal Law**

It appears that Plaintiff believes that her case presents a federal question because she bases her claims in part on the Fair Housing Act, a federal law. However, Rule 8 requires that Plaintiff make an explicit jurisdictional allegation in her complaint. Accordingly, Plaintiff's second amended complaint should identify the statutory basis for federal jurisdiction, e.g., 28 U.S.C. § 1331.

Ninth Circuit case law provides that "the vitality of a fair housing complaint should be judged by the statutory elements of an FHA claim rather than the structure of the prima facie case." *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 250 (9th Cir. 1997). Accordingly, Plaintiff must allege an injury that fits within the FHA framework. 42 U.S.C. §§ 3604(a), (d), & (e)[3] make the following actions illegal:

> (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a

---

[3] Plaintiff's citation to FHA Sec. 803(a), (d), & (e) [42 U.S.C. §§ 3603(a), (d), & (e)] appears to be mistaken because FHA Sec. 803 pertains to the effective dates of certain prohibitions. The Court assumes that Plaintiff meant to cite to FHA Sec. 804 [42 U.S.C. § 3604], which lists housing violations.

3

> dwelling to any person because of race, color, religion, sex, familial status, or national origin.
> . . .
> (d) To represent to any person because of race, color, religion, sex, handicap, familial status, or national origin that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available.
> (e) For profit, to induce or attempt to induce any person to sell or rent any dwelling by representations regarding the entry or prospective entry into the neighborhood of a person or persons of a particular race, color, religion, sex, handicap, familial status, or national origin.

42 U.S.C. §§ 3604(a), (d), & (e). Plaintiff's second amended complaint should identify specifically which of these statutory provisions she believes has been violated and allege how that violation occurred.

The amended complaint does not allege which Defendants are responsible for the harm Plaintiff has alleged. While Plaintiff alleges that a person named Ms. Mendhuk discriminated against her, Ms. Mendhuk is not named as a defendant, and Plaintiff does not allege any connection between Ms. Mendhuk and the named Defendants, or any discriminatory act by the named Defendants themselves. Plaintiff alleges that G&K has played a role in creating racial disparity in Palo Alto, but she does not identify a specific violation it allegedly has committed. While Terman is listed as a defendant, nothing in the allegations explains why. A second amended complaint should identify the appropriate Defendants and allege which role each Defendant played in the alleged harm suffered by Plaintiff.

In addition, the amended complaint does not include a demand for judgment for the relief Plaintiff seeks as required by Rule 8.[4] A second amended complaint should contain such a demand.

**B.    Claims Under California Law**

Plaintiff also appears to seek to assert a claim under Cal. Gov't. Code §§ 12955(f), (g), & (h). Under these statute, it is illegal:

> (f) For any owner of housing accommodations to harass, evict, or otherwise

---

[4] The Court is in receipt of Plaintiff's request for relief submitted July 24, 2007, as well as Defendants's response dated July 25, 2007. Because Plaintiff must file a second amended complaint, the Court does not consider these filings at this time.

4

> discriminate against any person in the sale or rental of housing accommodations when the owner's dominant purpose is retaliation against a person who has opposed practices unlawful under this section, informed law enforcement agencies of practices believed unlawful under this section, has testified or assisted in any proceeding under this part, or has aided or encouraged a person to exercise or enjoy the rights secured by this part. Nothing herein is intended to cause or permit the delay of an unlawful detainer action.
> (g) For any person to aid, abet, incite, compel, or coerce the doing of any of the acts or practices declared unlawful in this section, or to attempt to do so.
> (h) For any person, for profit, to induce any person to sell or rent any dwelling by representations regarding the entry or prospective entry into the neighborhood of a person or persons of a particular race, color, religion, sex, sexual orientation, marital status, ancestry, disability, source of income, familial status, or national origin.

Cal. Gov't Code §§ 12955(f), (g), & (h) (2007). While Plaintiff alleges that she was a victim of racial discrimination, she does not indicate which section she believes was violated and what actions by which Defendants constitute the violation. Plaintiff should include such allegations in her second amended complaint.

### C.    Service of Process

Defendants object to the sufficiency of the service of the complaint upon them. This Court previously granted Plaintiff's application to proceed *in forma pauperis*, which included service of the summons and complaint by the United States Marshal. Defendants apparently received sufficient notice of this action to allow them to file two motions to dismiss, and they did not indicate that they were making a special appearance to contest personal jurisdiction. Accordingly, Plaintiff may continue to serve by first-class mail those Defendants who already have appeared. Any new defendants may be served by the Marshal as provided by the Court's Local Rules.

### D.    Re-Referral to the Pro Bono Project

On April 20, 2007 the Court referred this action to the Federal Pro Bono Project. That organization was unable to locate an attorney willing to represent Plaintiff. Because Plaintiff likely will be able to state a claim once she remedies the technical errors in her previous complaint, the Court concludes that good cause continues to exist for appointment of counsel. Accordingly, Plaintiff's case will be referred for a second time to the Federal Pro Bono Project, which again will endeavor to locate an attorney willing to represent Plaintiff. The Clerk of the

1  Court is directed to send a copy of the file to the Federal Pro Bono Project, attention Irene
2  Cortez, 4 North Second Street, Suite 400, San Jose, CA 95113.  Plaintiff is advised that she
3  remains responsible for litigating this action and complying with all court orders until such time
4  as the Federal Pro Bono Project locates an attorney to represent her.

### IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to dismiss is GRANTED with leave to amend.[5]  Plaintiff shall file a second amended complaint on or before August 31, 2007.

DATED: July 31, 2007

_____
JEREMY FOGEL
United States District Judge

---

[5] As discussed above, Plaintiff must file a second amended complaint complying with all applicable procedural rules.  To summarize the discussion above, Plaintiff's second amended complaint, which should consist of a single document, must include the following:
(1) The identities of the parties who she alleges harmed her;
(2) A statement explaining why this Court has jurisdiction over this action;
(3) A separate statement of each claim Plaintiff wishes to assert;
(4) For each claim, allegations identifying which Defendants have violated the applicable statute;
(5) A demand for relief.

Case No. C 07-1239 JF (HRL)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX2)

This Order has been served upon the following persons:

Eve Helayne Lewin Wagner , Esq ewagner@swattys.com

Notice has been delivered by other means to:

Cathy Enwere
1263 Madera Ave.
Menlo Park, CA 94025

Laurie Beth Hiller
Sauer & Wagner LLP
1801 Century Park East
Suite 1150
Los Angeles, CA 90067

7

Case No. C 07-1239 JF (HRL)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX2)