**E-Filed 3/25/2008**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CATHY ENWERE,<br><br>        Plaintiff,<br><br>    v.<br><br>TERMAN ASSOCIATES, L.P., dba TERMAN APARTMENTS, G & K PROPERTY MANAGEMENT COMPANY, INC., TATYANA MENDHUK,<br><br>        Defendants. | Case Number C 07-1239 JF (PVT)<br><br>ORDER[1] GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS<br><br>[re: docket no. 46] |

Defendants Terman Apartments, L.P., ("Terman Apartments") G & K Management Company, Inc. ("G&K Management") and Tatyana Mendhuk ("Mendhuk") move to dismiss the Complaint of Plaintiff Cathy Enwere alleging violations of the Fair Housing Act, 42 U.S.C. § 3604. For the reasons set forth below, the motion will be granted in part and denied in part.

## I. BACKGROUND

On March 2, 2007, Plaintiff, proceeding *pro se*, filed the initial complaint in this action

---

[1] This disposition is not designated for publication and may not be cited.

1 alleging racial discrimination in housing, under the Fair Housing Act ("FHA"), 42 U.S.C. §
2 3604(a), (d), (e). The complaint consisted of factual allegations in narrative form. Plaintiff
3 alleges that she made an appointment to see an apartment, and that when she arrived for the
4 appointment and Defendants became aware of her race, Defendants refused to show her the
5 apartment.

6    On April 24, 2007, Defendants Terman Associates, L.P. ("Terman") and G&K
7 Management Company, Inc. ("G&K") moved to dismiss the complaint for lack of subject matter
8 jurisdiction, failure to state a claim, and insufficiency of service. On May 2, 2007, Plaintiff
9 submitted a document entitled "Amendment to Complaint" and an accompanying, hand-written
10 request that the document be accepted as an amendment to the initial complaint. This one-page
11 amendment consisted primarily of narrative and argument. Because Plaintiff had not filed
12 another amendment previously, the amendment was filed as of right. *See* Fed. R. Civ. P. 15(a).
13 The Court treated the original complaint and this amendment as the operative complaint, and
14 denied Defendants' motion to dismiss as moot.

15    On May 29, 2007 Defendants refiled their motion to dismiss. Defendants asserted that
16 despite the amendment, Plaintiff failed to allege "the basis for federal court jurisdiction, the
17 statutory basis for her complaint, the identification of any specific cause of action, and the basic
18 background facts that would explain how she allegedly was discriminated against." Motion to
19 dismiss at 1. Plaintiff opposed the motion. The Court heard oral argument on July 27, 2007, and
20 subsequently granted the motion with leave to amend. The Court directed Plaintiff to amend her
21 complaint to include: (1) the identities of the parties who she alleges harmed her; (2) a statement
22 explaining why this Court has jurisdiction over this action; (3) a separate statement of each claim
23 she wishes to assert; (4) for each claim, allegations identifying which Defendants have violated
24 the applicable statute; and (5) a demand for relief. On August 29, 2007, Plaintiff filed her second
25 amended complaint ("SAC"). Terman and G & K Management Company and Defendant
26 Tatyana Mendhuk separately move to dismiss.

27
28

## II. LEGAL STANDARD

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The pleading of a *pro se* litigant is held to a less stringent standard than a pleading drafted by an attorney, and is to be afforded the benefit of any doubt. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988). Further, a *pro se* litigant must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

Section 3604(a) of the FHA makes it unlawful "to refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race . . . ." 42 U.S.C. § 3604(a). Section 3604(d) makes it unlawful "to represent to any person because of race...that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available. 42 U.S.C. 2604(d). 42 U.S.C. 3604(e) states it is unlawful "for profit, to induce or attempt to induce any person to sell or rent any dwelling by representations regarding the entry or prospective entry into the neighborhood of a person or persons of a particular race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. 3604(e).

The vitality of a fair housing complaint should be judged by the statutory elements of an FHA claim rather than the structure of the prima facie case. *Gilligan v. Jamco Development Corporation*, 108 F.3d 246 at 250 (9th Cir. 1997)(citing *Ring v. First Interstate Mortgage., Inc.*, 984 F.2d 924 (8th Cir. 1993). The FHA provides a private right of action for an "aggrieved person" subjected to "an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). The definition of "discriminatory housing practice" includes acts unlawful under 42 U.S.C. § 3604. *Gilligan*, 108 F.3d 250 (9th Cir. 1997).

Case No. C 07-1239 JF (HRL)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFLC1)

## III. DISCUSSION

Under both 42 U.S.C. § 3604(e) and Cal. Gov. Code § 12995(h) it is unlawful "[f]or profit, to induce or attempt to induce any person or sell or rent any dwelling by representations regarding the entry or prospective entry into the neighborhood of a person or persons of a particular race, color, religion, sex, handicap, familial status, or national origin."  Plaintiff alleges that Defendants failed to maintain a fair marketing plan as required by HUD and sustained marketing for conventional rental units only, thus causing a racial and economic disparity in the city of Palo Alto for added profit in property rental.  These allegations are insufficient to state a claim under § 3604(e), because Plaintiff does not allege inducements to sell or rent.  Based on the colloquy at oral argument, it does not appear that Plaintiff can allege additional facts to support a subsection (e) claim.  Accordingly, this claim will be dismissed without leave to amend.

42 U.S.C. § 3604(d) provides that it is unlawful "[t]o represent to any person because of race, color, religion, sex, handicap, familial status or national origin that by dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available."  Defendants argue that Plaintiff's § 3604(d) claim should be dismissed because she has not alleged that in fact there was a one-bedroom apartment available.[2]

Plaintiff alleges that she inquired about an available apartment and made a telephonic appointment with Mendhuk for the following day, but that when she arrived and identified herself in person, Mendhuk denied that she had spoken with Plaintiff and told Plaintiff that there were no available units.  Plaintiff also alleges that Mendhuk refused Plaintiff's request for an application unless she had proper identification and threatened to call the police.  Although Plaintiff does not expressly state that a unit was in fact available, that fact reasonably is implied by her allegation that a meeting was set up for the purpose of showing her an apartment.  In light

---

[2] Defendants also argue that this claim should be dismissed because Plaintiff has not alleged that non-minority applicants were provided more truthful information that an apartment was available.  However, Defendants do not cite any controlling authority to support the argument that such allegations are required.

4

of the liberal standard applicable to the review of a complaint filed by a *pro se* plaintiff, the Court concludes that these allegations are sufficient.

The portion of Plaintiff's SAC that outlines her claims does not assert a claim under Cal. Gov. Code § 12955(g), and it appears that Plaintiff has abandoned this claim. However, because § 12955(a) is mentioned in Plaintiff's prayer for relief, the Court notes that Plaintiff has not alleged that any of the Defendants aided, abetted, incited, compelled, or coerced any unlawful housing practices. Accordingly, to the extent that Plaintiff's complaint may be read to allege a violation of § 12955(g), such a claim will be dismissed.

Plaintiff acknowledges that Mendhuk was acting either in her alleged capacity as an employee of G&K Management, or in her alleged capacity as "Resident Apartment Manager for Terman Apartments." Each of Mendhuk's alleged acts and omissions thus necessarily occurred in Mendhuk's capacity as an employee of the other defendants, rather than in any individual capacity. Accordingly, Mendhuk cannot be held personally liable for any of the alleged conduct, and the claims against her in her individual completely will be dismissed. *See, e.g.*, *Aikins v. St. Helena Hosp.*, 843 F. Supp. 1329, 1335 (Cal. Ct. App. 1994).

### IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to dismiss is granted in part and denied in part. Defendants shall file an answer to Plaintiff's claim for relief under 42 U.S.C. § 3604(d) within thirty (30) days of the date of this order.

DATED: March 25, 2008.

_____
JEREMY FOGEL
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This Order has been served upon the following persons:

Eve Helayne Lewin Wagner , Esq
ewagner@swattys.com

Notice has been delivered by other means to:

Cathy Enwere
1263 Madera Ave.
Menlo Park, CA 94025

Laurie Beth Hiller
Sauer & Wagner LLP
1801 Century Park East
Suite 1150
Los Angeles, CA 90067

Case No. C 07-1239 JF (HRL)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFLC1)