UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CATHY ENWERE,<br><br>    Plaintiff,<br><br>  v.<br><br>TERMAN ASSOCIATES, L.P., dba<br>TERMAN APARTMENTS, et al.,<br><br>    Defendants. | Case No.: C 07-1239 JF (PVT)<br><br>**ORDER RE PLAINTIFF'S MOTION TO COMPEL DFEH TO PRODUCE DOCUMENTS** |

On July 15, 2008, Plaintiff and non-party Department of Fair Employment and Housing ("DFEH") appeared before Magistrate Judge Patricia V. Trumbull for hearing of Plaintiff's motion to compel DFEH to produce documents responsive to a subpoena.[1]  Based on the moving, opposition and reply[2] papers filed and arguments submitted,

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] The court was unaware Plaintiff had submitted any reply papers until after the hearing. The papers include three separate declarations by Plaintiff along with 14 exhibits.  Each of the declarations is entitled "Declaration of Cathy Enwere of Racial Discrimination, Withholding of Evidence and Fraudulent Acts Committed by Gwen Richardson and Susan Sheftel for Motion to Compel DFEH to Produce Documents and Discoveries."  The hand written cover sheet states "Cathy Enwere's Motion to Compel For Honorable Judge Patricia V. Trumbull."  There is no reference on the papers that indicates they are a reply to a pending motion rather than a new motion.  The court has now reviewed the reply papers and notes that nothing in the reply papers changes the courts' rulings with regard to what it is compelling DFEH to search for and produce.  The reply papers do shed additional light on Plaintiff's attempts to obtain documents from HUD.

ORDER, *page 1*

IT IS HEREBY ORDERED that Plaintiff's motion to compel DFEH to produce documents[3] is GRANTED IN PART and DENIED IN PART for the reasons stated herein.

### I.  BACKGROUND

This is an action for discrimination in housing. Plaintiff filed a complaint with the U.S. Department of Housing and Urban Development ("HUD") on November 9, 2005. HUD waived jurisdiction to DFEH and informed Plaintiff that her complaint would be processed by DFEH.[4] DFEH processed the complaint until March 21, 2006, when jurisdiction was waived to HUD and Plaintiff's complaint was "reactivated" for processing by HUD.[5] When Plaintiff's complaint was reactivated by HUD, it appears that DFEH returned Plaintiff's case file to HUD.[6]

On January 9, 2007, HUD issued a Determination of No Reasonable Cause (Title VIII), and on January 16, 2007 it dismissed Plaintiff's complaint. (*See* Plaintiff's Reply Papers, Exh. 5.) On

---

[3]   In her reply papers and at the hearing, Plaintiff also raised issues regarding the propriety of DFEH having waived jurisdiction over her complaint to HUD, and regarding the runaround and other mistreatment she says she has gotten from DFEH. Those issues are not before the court because DFEH is not a Defendant in this action. The ***only*** jurisdiction the court has over DFEH in this action is by virtue of the subpoena Plaintiff served on DFEH. The sufficiency of DFEH's compliance with that subpoena is thus the only issue before the court involving DFEH. The court has no jurisdiction to entertain any other complaints Plaintiff may have regarding the way DFEH has treated her.

[4]   *See* Exhibit 5 to Plaintiff's Reply Papers at letter dated November 9, 2005 from HUD to Terman Apartments, LP.

[5]   *See* Sheftel Decl., Exh. 3; and Plaintiff's Reply Papers, Exh. 5. In her Reply Papers, and at the hearing, Plaintiff argued that she never agreed to DFEH waiving jurisdiction back to HUD. However, according to the Worksharing Agreement, after the 100th day of an investigation, HUD assesses whether DFEH is proceeding with reasonable promptness. *See* Sheftel Decl., Exh. 1 at § VI.G.(1). Failure by DFEH to proceed with reasonable promptness is grounds for reactivation of a complaint by HUD. *See* Sheftel Decl., Exh. 1 at § V.B.(3). Well over 100 days elapsed between the date HUD waived jurisdiction to DFEH and the date DFEH waived jurisdiction back to HUD. It is not clear from the record whether the delay in processing was what caused Plaintiff's complaint to be reactivated by HUD. If so, DFEH had no choice but to return the file to HUD.

[6]   DFEH's District Administrator, Susan Sheftel, has represented to the court under penalty of perjury that DFEH sent Plaintiff's file to HUD without keeping any copies. That representation is supported by the evidence showing that it is DFEH's policy to send a complainant's file to HUD when DFEH waives jurisdiction to HUD, and that DFEH waived jurisdiction over Plaintiff's complaint to "another agency" (presumably HUD) in March of 2006. *See* Declaration of Jaime Reyes, dated June 20, 2008 at ¶ 5; and Sheftel Decl., Exh. 3. Ms. Sheftel's declaration is supported by a letter dated April 18, 2006, from HUD to G&K Management Co. advising that Plaintiff's complaint had been "reactivated" by HUD, and that DFEH's case file had been returned to HUD. *See* Exhibit 5 to Plaintiff's reply papers. And, in fact, Plaintiff submitted an incomplete copy of her case file from HUD with her reply papers. *See* Exhibit 5 to Plaintiff's reply papers.

January 30, 2007 HUD received a Freedom of Information Act ("FOIA") request from Plaintiff.[7] HUD sent Plaintiff a response to her FOIA request in which it agreed to provide her with a partial copy of the case file. (*See* Plaintiff's Reply Papers, Exh. 9.) In the response, HUD noted it was withholding the following documents in their entirety:

1. Memorandum from Anné Quesada to R. Faye Austin dated 12/18/06.
2. 100 Day Letter Worksheet dated 7/31/06.
3. Memorandum from Anné Quesada to Linda Creel, dated 7/5/06.
4. Investigative Plan, undated.
5. Waiting List, Rent Rolls and tenant applications for Terman Apts.
6. Title VIII Case Completion Checklist.
7. DFEH Case Diary.
8. DFEH Memorandum from Anita Joseph to Susan Sheftel, dated 3/31/06.
9. Emails from Linda Creel, Jeff Jackson and Ralph Douglass, dated 7/6/07 [sic], 7/10/06, 8/24/06 and 8/25/06.
10. Draft handwritten notes.
11. Documents relating to the conciliation process.

HUD also redacted from the documents it was providing the names, addresses and telephone numbers of neutral witnesses as well as other personal information about them. (*See* Plaintiff's Reply Papers, Exh. 5.)

## II. ELECTRONIC DOCUMENTS AND INFORMATION

Plaintiff's motion is GRANTED to the extent DFEH has any responsive documents and/or information in electronic form that it has not already produced to Plaintiff. DFEH shall do a reasonable search[8] for any emails, letters, memoranda, information sheets or other documents that remain on its computers. The search shall include any and all computers used by DFEH personnel who handled any part of Plaintiff's DFEH complaint, or otherwise had communications with Plaintiff or Defendants in connection with Plaintiff's DFEH complaint. The production shall also include a screenshot of the CMIS page related to Plaintiff.[9] Within one week from the date of this

---

[7] A FOIA request is not subpoena, and the court cannot enforce it as a subpoena. The proper mechanism for obtaining documents from a non-party to use in a lawsuit is a Rule 45 subpoena.

[8] It appears from Susan Sheftel's declaration that DFEH did not conduct *any* search for such documents before Plaintiff filed this motion.

[9] On July 22, 2008, DFEH filed a document in which it states that it has produced to Plaintiff a copy of the information in DFEH's record keeping database regarding Plaintiff's case. If this is the screenshot of the CMIS page, then DFEH need not produce it again.

ORDER, *page 3*

1  order DFEH shall either produce to Plaintiff any responsive electronic documents it has not yet
2  produced, or else file and serve a declaration confirming that it has searched all of the computers
3  referenced above, and no further responsive documents were found.[10]

### III.   HARD COPY OF PLAINTIFF'S DFEH FILE.

Plaintiff's motion is DENIED as to the hard copy of Plaintiff's DFEH file.  As noted above, DFEH informs the court that it sent Plaintiff's case file to HUD without keeping any copies.  While Ms. Sheftel may have told Plaintiff she would send Plaintiff the file, it appears from the record that any implication that DFEH still had Plaintiff's file was factually incorrect.  Nor does it appear, as Plaintiff argued, that DFEH has any control over the documents in HUD's possession by virtue of the Worksharing Agreement.  The court has reviewed the Worksharing Agreement and finds nothing that would give DFEH any legal right to obtain copies of Plaintiff's case file from HUD after HUD reactivated its own processing of Plaintiff's complaint.  (*See* Sheftel Decl., Exh. 1.)

Because DFEH has no obligation to produce records that are not in its "possession, custody or control," there is no basis for the court to order it to produce any documents other than the electronic documents that may still be retained on its computers.  *See United States v. International Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989).

### IV.   OBTAINING THE DOCUMENTS FROM HUD

As discussed at the hearing, Plaintiff must subpoena HUD in order to obtain further documents from HUD for use in this lawsuit.  Plaintiff stated she already had served a subpoena on HUD.

At the hearing the court asked counsel for DFEH, and counsel agreed, to contact HUD and communicate the following from the court: 1) a statement that the court expects HUD to retain in its possession any and all documents it has regarding Plaintiff's complaints until further order of this court or written agreement of Plaintiff otherwise, or final termination of this action; and 2) an inquiry

---

[10] The document DFEH filed on July 22, 2008 does not indicate any search of computer files was conducted other than the record keeping database and the case diary.  Presumably documents such as letters, emails, memos, etc., would be located elsewhere.

1  regarding whether HUD has received a subpoena from Plaintiff in the past few months. Counsel
2  further agreed that, no later than July 22, 2008, she would inform the court and Plaintiff of HUD's
3  response. She has now done so in a response filed July 22, 2008.

4  In response to counsel's inquiry, HUD advised that it has possession of Plaintiff's complete
5  case file. It further advised that it was not served with any subpoena by Plaintiff. It did receive a
6  copy of the subpoena Plaintiff served on the DFEH, and while the subpoena was not directed to
7  HUD, HUD nonetheless looked into producing responsive documents to Plaintiff by treating the
8  subpoena as a FOIA request. In the process, HUD realized it has already responded to a FOIA
9  request from Plaintiff, and informed her that it has already sent her copies of all documents it is
10 allowed to disclose pursuant to its regulations.

11  The scope of records that can be obtained with a subpoena is broader than the scope of
12 records that must be disclosed under FOIA. *See Kamakana v. City and County of Honolulu*, 447
13 F.3d 1172, 1185 (9th Cir. 2006) (noting that documents which are exempt from disclosure under
14 FOIA are not automatically privileged in civil discovery). Thus, Plaintiff may be able to obtain some
15 or all of the documents withheld by HUD by serving HUD with a proper subpoena for the records it
16 withheld in responding to her FOIA request.[11]

17  The court notes that HUD is correct in its observations that the subpoena Plaintiff served on
18 DFEH was not properly issued. As a party representing herself *pro per*, Plaintiff must ask the clerk's
19 office to issue a blank subpoena. The subpoena will be signed and dated by clerk's office personnel.
20 Plaintiff may then fill out the subpoena with all appropriate information. The date set for HUD to
21 provide the documents should be at least a week after the date Plaintiff serves the subpoena on HUD.
22 *See* Fed.R.Civ.Pro. 45(c)(3)(A)(i).

23  If, after being served with a proper subpoena, HUD then fails to respond or withholds any
24 documents or information Plaintiff believes it should produce, then Plaintiff may file a motion to
25 compel HUD to produce those documents. Plaintiff shall notice any such motion for hearing on this
26 court's motion calendar (which is held Tuesdays at 10:00 a.m.), and shall serve the motion papers on

---

[11] A subpoena for documents that have already been produced would violate the requirement that a party "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *See* FED.R.CIV.PRO. 45(c)(1).

HUD at least 35 days before the noticed hearing date as required by this court's Civil Local Rule 7-2. Any such motion shall also include a copy of the subpoena.

Dated: *7/24/08*

PATRICIA V. TRUMBULL
United States Magistrate Judge

1
2   ***Counsel automatically notified of this filing via the court's Electronic Case Filing system.***
3
4   <u>copies mailed on</u>   *7/24/08*       to:
5   Cathy Enwere
    1263 Madera Ave.
6   Menlo Park, CA  94025
7
8                                          <u>  /s/ Donna Kirchner            for  </u>
9                                          CORINNE LEW
                                           Courtroom Deputy
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28