UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CATHY ENWERE,<br><br>    Plaintiff,<br><br>    v.<br><br>TERMAN ASSOCIATES, L.P., dba<br>TERMAN APARTMENTS, et al.,<br><br>    Defendants. | Case No.: C 07-1239 JF (PVT)<br><br>**ORDER RE PLAINTIFF'S "RESPONSE TO MOTION TO COMPEL ORDER FOR DFEH & HUD REQUESTING THAT BOTH AGENCIES BE HELD ACCOUNTABLE FOR NOT COMPLYING WITH ORDER"** |

On July 24, 2008, Plaintiff filed a document entitled "Response to Motion to Compel Order for DFEH & HUD Requesting That Both Agencies Be Held Accountable for Not Complying with Order." Based on that document and the file herein,

IT IS HEREBY ORDERED that, to the extent Plaintiff intends this document to be an attempt to compel the U.S. Department of Housing and Urban Development ("HUD") to produce documents, it is DENIED without prejudice to a properly noticed motion to compel if, after Plaintiff serves a valid subpoena on HUD, it fails to produce all non-privileged responsive documents. As the court explained in its last order, absent service of a valid Rule 45 subpoena on HUD, this court has no jurisdiction to order HUD to do anything.

In a document[1] filed July 25, 2008, Plaintiff appears to claim she did serve HUD, and she attaches a "Proof of Service." However, Plaintiff has not filed any copy of a subpoena that is directed to HUD on the face of the subpoena. The only subpoena the court has found in all of the documents filed by Plaintiff is directed to "Dept. Of Empoyment & Fair Housing, 1515 Clay Street Suite 701 Oakland Gewn [*sic*] Richardson." As noted in this court's prior order, that subpoena was not even a valid subpoena because it was never issued by the court.[2] Even if that subpoena was served on HUD, HUD was entitled to ignore it both because the subpoena was not directed to HUD and because the subpoena was not issued by the court.[3]

IT IS FURTHER ORDERED that this court will not respond to any further motions from Plaintiff regarding HUD unless and until she serves HUD with a valid subpoena.

Dated: *7/25/08*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[1] "Response to Defendant's Attorney in Court Today Management Conference HUD Never Subpoena Fraudulent Statement."

[2] To its credit, DFEH did *not* object to the subpoena on that ground, as it would have been entitled to do. Instead, it responded to the subpoena and opposed Plaintiff's motion to compel on the legitimate grounds that it cannot produce documents it does not have. Had DFEH objected on the grounds that the subpoena had not been issued by the court, the court would have denied Plaintiff's motion to compel outright based on lack of jurisdiction. Because DFEH voluntarily submitted to the jurisdiction of the court in responding to Plaintiff's motion to compel, the court was able to address the merits of Plaintiff's motion.

[3] To its credit, as noted in this court's prior order, rather than ignore the subpoena entirely HUD decided to treat it as a Freedom of Information Act ("FOIA") request and responded to it as such. The only reason it did not provide any documents in response is that it has *already* provided documents to Plaintiff in response to her January 2007 FOIA request. HUD has withheld documents it believes it is *required* to withhold in responding to a FOIA request. Thus, as this court previously ordered, if Plaintiff wishes to seek production of the documents withheld by HUD, she must serve HUD with a *valid* subpoena.

ORDER, *page 2*

***Counsel automatically notified of this filing via the court's Electronic Case Filing system.***

<u>copies mailed on</u>   *7/25/08*   <u>to:</u>

Cathy Enwere
1263 Madera Ave.
Menlo Park, CA 94025

           <u>/s/ Donna Kirchner    for</u>
           CORINNE LEW
           Courtroom Deputy