UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CATHY ENWERE,<br><br>      Plaintiff,<br><br>  v.<br><br>TERMAN ASSOCIATES, L.P., dba<br>TERMAN APARTMENTS, et al.,<br><br>      Defendants. | Case No.: C 07-1239 JF (PVT)<br><br>**ORDER GRANTING IN PART AND DEFERRING IN PART PLAINTIFF'S MOTION TO COMPEL HUD TO COMPLY WITH SUBPOENA** |

On August 4, 2008 Plaintiff had a subpoena served on the U.S. Department of Housing and Urban Development ("HUD") that called for responsive documents to be produced on August 16, 2008. On August 19, 2008, Plaintiff filed a document which the court deemed to be a motion to compel HUD to comply with the subpoena. On September 8, 2008, HUD filed a response to Plaintiff's motion to compel, and also served on Plaintiff numerous responsive documents.[1] Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without further briefing or oral argument. Based on the papers submitted and the file herein,

IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED IN PART and DEFFERED

---

[1] The court is disturbed by HUD's unexplained delay in producing documents in response to the subpoena. If HUD needed additional time to comply with the subpoena, it should have either obtained an extension of time in writing from Plaintiff or else sought relief from the court.

ORDER, *page 1*

1  IN PART. The court is deferring ruling with respect to the December 18, 2006 memo from Anne
2  Quesada to R. Faye Austin (described on page 2 of HUD's response brief at lines 10 through 12), in
3  order to review the document *in camera*. No later than September 17, 2008, HUD shall *lodge* with
4  the court a copy of the aforementioned memo, and shall *serve and file* one or more supplemental
5  declarations that: 1) make a factual showing to support the claim of privilege; and 2) show why the
6  privilege objection should not be deemed waived by a failure to serve written objections within 14
7  days after Plaintiff served HUD with the subpoena.² The court will issue its ruling regarding this
8  document after reviewing both the document and HUD's supplemental submissions.

9  IT IS FURTHER ORDERED that, no later than September 17, 2008, HUD shall produce to
10  Plaintiff the "conciliation documents" (described on page 2 of HUD's response brief at lines 13
11  through 21). The only excuse proffered by HUD for withholding these documents is an exemption
12  to the Freedom of Information Act ("FOIA"). However, HUD cites no legal authority that allows it
13  to rely solely on FOIA exemptions to withhold documents that are responsive to a Rule 45 subpoena.
14  On the contrary, the Ninth Circuit has made it clear that FOIA exemptions do *not* automatically
15  preclude discovery under the Federal Rules of Civil Procedure. *See Kamakana v. City and County of*
16  *Honolulu*, 447 F.3d 1172, 1185 (9th Cir. 2006) (noting that documents which are exempt from
17  disclosure under FOIA are not automatically privileged in civil discovery); *see also, Kerr v. United*
18  *States District Court*, 511 F.2d 192, 197-98 (9th Cir. 1975) ("[T]he exceptions to the disclosure in
19  [FOIA] were not intended to create evidentiary privileges for civil discovery. (*Citations omitted*.)
20  They were intended only to permit the withholding of certain types of information from the public
21  generally.") Regardless of whether or not any of the conciliation documents will ultimately be
22  admissible at trial,³ at a minimum they may well *lead* to discovery of admissible evidence, and they
23  are thus discoverable. *See* FED.R.CIV.PRO. 26(b)(1) ("Relevant information need not be admissible
24  at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible

---

² Failure to serve written objections to a subpoena duces tecum within the time specified in Rule 45 ordinarily constitutes a waiver of objections, including privilege. *See, e.g., In re DG Acquisition Corp.*, 151 F.3d 75 (2d Cir. 1998); *see also, Tuite v. Henry*, 98 F.3d 1411, 1416-17 (D.C.Cir.1996) and *Brogren v. Pohlad*, 1994 WL 654917 (N.D. Ill. 1994).

³ As HUD acknowledges in its response, things said or done in the course of conciliation *may* be used as evidence if the persons concerned give their written consent.

evidence"); *see also, e.g., Triax v. United States*, 11 Cl.Ct. 130, 134-35 (Cl.Ct. 1986) ("[T]he policy consideration underlying Rule 408, namely, to promote nonlitigious solutions to disputes, would not be served at this point by excluding these documents from discovery").

IT IS FURTHER ORDERED that, no later than September 17, 2008, HUD shall produce to Plaintiff un-redacted copies of the redacted documents it previously produced to Plaintiff. As with the conciliation documents, HUD improperly relies on a FOIA exemption as the only grounds for withholding the names, addresses and telephone numbers of the individuals on the Section 8 waiting list and the tenant rolls. While non-parties' privacy rights are often protected to varying degrees in the course of discovery, HUD has made no showing that it has standing to assert the privacy rights of the individuals listed on Defendant's waiting list and tenant rolls.[4] *See, e.g., United States v. Westinghouse Electric Corp.*, 638 F.2d 570, 574 (3d Cir. 1980) (finding corporation had standing to assert its employees' privacy rights in resisting subpoena for employees' medical records). In any event, under the present circumstances the privacy rights those individuals have in their identities and contact information, if any, is outweighed by Plaintiff's interest in locating and interviewing potential witnesses as well as potentially using factual information about each such individual's race in connection with prosecuting her claims of racial discrimination. *See Breed v. United States District Court*, 542 F.2d 1114, 1115-16 (9th Cir. 1976) (upholding trial court's finding that juvenile offenders' privacy rights were outweighed by the plaintiff's need for information regarding their identities).

IT IS FURTHER ORDERED that HUD shall make available for Plaintiff's inspection the original document(s) she has asked to inspect. HUD cites no legal authority to support its implied contention that a party must make a showing that copies of documents produced in response to a subpoena may have been altered or are illegible before that party has a right to inspect the original documents.[5] HUD shall contact Plaintiff no later than September 17, 2008 to schedule the inspection

---

[4] Nothing, of course, precluded HUD from notifying the individuals that information about them was being sought by subpoena so as to allow such individuals to move for a protective order if they so desired.

[5] While it is common for subpoenaed entities to serve copies of documents in response to a subpoena, Rule 45 actually provides that a responding party must "permit inspection, copying, testing, or sampling of the materials." Thus, even if the responding party is "permitting copying," the rule anticipates that the party who served the subpoena will have an opportunity to see the original document.

1  for a date no later than September 30, 2008 (unless Plaintiff agrees in writing to a later date).

2  Dated: *9/10/08*

3  _____
   PATRICIA V. TRUMBULL
4  United States Magistrate Judge

```
```
*Counsel automatically notified of this filing via the court's Electronic Case Filing system.*

copies mailed on *9/10/08* to:

Cathy Enwere
1263 Madera Ave.
Menlo Park, CA 94025

          /s/ Donna Kirchner   for
          CORINNE LEW
          Courtroom Deputy