UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CATHY ENWERE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TERMAN ASSOCIATES, L.P., dba<br>TERMAN APARTMENTS, et al.,<br><br>　　　　　　Defendants. | Case No.: C 07-1239 JF (PVT)<br><br>**ORDER RE HUD'S STATEMENT OF COMPLIANCE WITH ORDER DATED SEPTEMBER 10, 2008** |

On September 10, 2008 this court issued an order requiring, among other things, that the U.S. Department of Housing and Urban Development ("HUD"), no later than September 17, 2008, lodge with the court a copy of the December 18, 2006 memo from Anne Quesada to R. Faye Austin (described on page 2 of HUD's response brief at lines 10 through 12) (the "Quesada Memo"), and serve and file one or more supplemental declarations that: 1) make a factual showing to support the claim of privilege it had asserted; and 2) show why the privilege objection should not be deemed waived by a failure to serve written objections within 14 days after Plaintiff served HUD with the August 4, 2008 subpoena. On September 15, 2008, HUD filed "HUD's Statement of Compliance with Order Dated September 10, 2008," in which, among other things, it stated that, because it has now produced to Plaintiff a copy of the Quesada Memo, it does not intend to lodge a copy of the

document with the court, nor provide the court with any declaration to support the claim of attorney/client privilege which it no longer asserts.  The court deems HUD's statement of "intent" not to submit the materials ordered by the court to be a request for relief from the court's order.[1] Based on HUD's most recent filing and the file herein,

IT IS FURTHER ORDERED that HUD's request for relief is DENIED.  As indicated in the court's order of September 10, 2008, the court was disturbed by HUD's unexplained failure to timely produce documents in response to the August 4th subpoena.  HUD's withholding of the Quesada Memo pursuant to a claim of privilege, only to abandon the privilege claim when ordered to submit the document for *in camera* review, gives the court further cause for concern.  Rule 45(e) provides that:

> "The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena.  A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii)."

The court has not yet determined whether to issue an order to show cause why HUD should not be held in contempt for failing to timely comply with or object to the August 4th subpoena.[2]  The court wishes to review the Quesada Memo before making that decision.  HUD may also submit a brief explaining why it asserted privilege with regard to the Quesada Memo.

Dated: *9/17/08*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[1] The court notes that a party who is *ordered* to submit a document to the court may not simply tell the court it is no longer necessary and then disregard the order.  A party who wants relief from a court order must request such relief from the court.

[2] HUD claims in a footnote that it "did, in fact, respond in writing to plaintiff's subpoena," referencing a May 30, 2008 letter from HUD to Plaintiff.  However, the May 30th letter cannot be a response to the August 4, 2008 subpoena because it was sent before *that* subpoena was ever served on HUD.

*Counsel automatically notified of this filing via the court's Electronic Case Filing system.*

copies mailed on   *9/17/08*   to:

Cathy Enwere
1263 Madera Ave.
Menlo Park, CA 94025

                    /s/   Donna Kirchner     for
                    CORINNE LEW
                    Courtroom Deputy