UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CATHY ENWERE,<br><br>        Plaintiff,<br><br>  v.<br><br>TERMAN ASSOCIATES, L.P., dba<br>TERMAN APARTMENTS, et al.,<br><br>        Defendants. | Case No.: C 07-1239 JF (PVT)<br><br>**ORDER RE HUD'S RESPONSE TO ORDER DATED SEPTEMBER 17, 2008** |

On September 17, 2008 the U.S. Department of Housing and Urban Development ("HUD") filed a response to this court's order of September 17, 2008. Based on HUD's response and the file herein,

IT IS HEREBY ORDERED that no further showing or appearance will be required of HUD at this time. While the court remains concerned that HUD's response to the August 4, 2008 subpoena was initially deficient, in light of HUD having now produced all responsive documents to Plaintiff and the fact that, because she is representing herself Plaintiff did not incur attorneys fees in connection with her motion to compel, it appears no useful purpose would be served by requiring any further showing from HUD at this time.

The court questions whether the Quesada Memo (attached as Exhibit A to HUD's response)

falls within the attorney-client privilege in that it does not appear to seek any actual legal advice, but reasonable minds could differ and the present circumstances do not warrant any further expenditure of time and resources for additional briefing on the issue.  Although the court finds less room for reasonable minds to differ with regard to whether 42 U.S.C. section 3610(d) somehow shields conciliation documents from being produced pursuant to a valid Rule 45 subpoena,[1] the court will accept HUD's representation that it was acting in good faith when it withheld those documents.

The court's biggest concern is HUD's failure to provide Plaintiff with *any* response to the August 4th subpoena until after Plaintiff filed her motion to compel, and even then waited until the date its opposition papers were due to produce responsive documents.  Again, however, the circumstances do not warrant requiring HUD to make a showing of cause why it did not timely respond to the subpoena.  The court cautions HUD, however, that it expects HUD to act more diligently in responding to valid subpoenas from this court in the future.

Dated: *9/19/08*

*[signature]*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[1] Section 3610(d) might, however, justify issuance of a protective order limiting access to such documents to the parties in the pertinent litigation who, if they are the "persons concerned" might ultimately consent to use of the documents in the litigation as allowed by Section 3610(d).

1
2  ***Counsel automatically notified of this filing via the court's Electronic Case Filing system.***
3
4  <u>copies mailed on</u>  *9/22/08*       to:
5  Cathy Enwere
   1263 Madera Ave.
6  Menlo Park, CA 94025
7
8
                                    <u> /s/ Donna Kirchner        for  </u>
9                                   CORINNE LEW
                                    Courtroom Deputy
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28