UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CATHY ENWERE,<br><br>Plaintiff,<br><br>v.<br><br>TERMAN ASSOCIATES, L.P., dba TERMAN APARTMENTS, et al.,<br><br>Defendants. | Case No.: C 07-1239 JF (PVT)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS; GRANTING DEFENDANTS' MOTION FOR RULE 35 EXAMINATION; ISSUING PROTECTIVE ORDER; AND SETTING DISCOVERY CUT-OFF OF JANUARY 16, 2009** |

On November 25, 2008, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Defendants' Motion to Compel Production of Documents and Defendants' Motion for Rule 35 Examination.[1] Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Defendants' motions are GRANTED for the reasons stated herein, subject to the provisions of the PROTECTIVE ORDER issued herein. Plaintiff shall produce to Defendants any additional documents she has that relate to the cause(s) and/or nature and extent of her mental and emotional condition(s). If Plaintiff believes the relevance of any such records is too attenuated to warrant their production, she may submit them to the court for *in camera* review and the court will determine which documents must be produced.

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

IT IS FURTHER ORDERED that Plaintiff shall appear for a mental examination (as limited by the provisions of this order) by Dr. James R. Missett at 1187 University Drive, Menlo Park, California, 94025, on a date and time to be determined after further briefing. It has come to the court's attention that Defendants' cite one date (December 9th) in the notice of motion and a different date (December 15th) in the body of their motion. *See* Defendants' moving papers (docket no. 108) at 1:9-10 & 9:8-9. Because it is unclear which date has been scheduled for the examination, the court cannot order the examination without further information. In light of the delay caused by the court's need to obtain such further information, it appears the examination will have to be cancelled and re-scheduled. No later than December 9, 2008, Defendants shall serve and file a supplemental brief setting forth a new date (and time) on or after December 29, 2008 for the examination.

IT IS FURTHER ORDERED that, if Plaintiff files an objection to this order by December 23, 2008,[2] the provisions of this order will be automatically stayed pending District Judge Fogel's ruling on Plaintiff's objection.

IT IS FURTHER ORDERED that the discovery cut-off date is January 16, 2009.

IT IS FURTHER ORDERED that for the reasons discussed herein, absent further order of this court, counsel for Defendants shall treat all of Plaintiff's medical and mental health information as confidential, shall not disclose it to anyone other than to Plaintiff, Dr. Missett, and the court, and shall not use the information for any purpose unrelated to this lawsuit. *See* FED.R.CIV.PRO 26(c)

## I. BACKGROUND

In this action, Plaintiff alleges racial discrimination in housing. Specifically, she alleges that she made an appointment to see an apartment, and that when she arrived for the appointment Defendants became aware of her race and refused to show her the apartment. Plaintiff claims she has suffered, and continues to suffer, mental and emotional distress as a result of Defendants' conduct.

On March 10, 2008, Defendants served Plaintiff with a First Set of Requests for Production of Documents. Request No. 14 requested "ALL DOCUMENTS CONCERNING ALL damages

---

[2] *See* FED.R.CIV.PRO. 72(a), 6(a)(2) & 6(d).

YOU claim to have suffered as a result of any conduct by G&K." Plaintiff responded to Request No. 14 as follows: "Written statement from my doctors telling you about my illnesses. Other documents will come later. They are confidential." The court deems the last sentence to be an objection based on grounds of privacy.

In the present motions, Defendants seek to compel Plaintiff to produce any further records she has concerning her mental and emotional distress. They also seek an order requiring Plaintiff to appear for a Rule 35 mental examination. Plaintiff objects based on grounds of privacy. Plaintiff also argues that the motions should be denied because discovery is purportedly closed.

## II. LEGAL STANDARDS

### A. PRIVACY RIGHTS AND WAIVER

Plaintiff argues that the instant motions seek to violate her constitutional and statutory privacy rights. Federal courts recognize a constitutional right to privacy. *See, e.g., Caesar v. Mountanos*, 542 F.2d 1064, 1066-70 (9th Cir. 1976). That right, however, is conditional rather than absolute, and is waived when a plaintiff raises before the court issues concerning her mental and emotional condition and seeks damages for mental and emotional injuries. *See ibid*.

Federal courts also recognize the existence of a psychotherapist privilege under federal common law. *See Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). However, as the Supreme Court noted in *Jaffee*, a plaintiff can waive the psychotherapist privilege. *Id.* at 15 n. 14.

A litigant's waiver of privacy rights by putting private matters at issue in a lawsuit is limited to the private information that is relevant to the lawsuit. *See, e.g.,Doe v. City of Chula Vista*, 196 F.R.D. 562, 569-70 (S.D. Cal. 1999) (a plaintiff's claim for emotional distress damages "does not entitle defendants to invade the whole of [the plaintiff's] medical history").

Plaintiff also cites the Privacy Act. However, while the Privacy Act precludes disclosure of certain kinds of personal information by federal agencies, it does not protect information from disclosure in litigation pursuant to a valid discovery request. *See, e.g., Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C.Cir. 1987). The Privacy Act is thus irrelevant to the present motion.

### B. Standards For Rule 35 Mental Examination

Federal Rule of Civil Procedure 35 ("Rule 35") permits a court to compel a party to submit to a mental examination by a suitably licensed or certified examiner when that party's mental condition is in controversy. The order may be made only on motion for good cause shown, and notice to the person to be examined and all parties, specifying time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. Fed. R. Civ. P. 35(a). The Supreme Court held that evaluating a Rule 35 motion "requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental...examination...has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause.'" *Schlagenhauf v. Holder*, 379 U.S. 104, 118-119 (1964).

#### ***1. Policy Concerns and Rule 35***

Generally, "the deposition-discovery rules are to be accorded a broad and liberal treatment." *Hickman v. Taylor***,** 329 U.S. 495, 507 (1947). The *Hickman* Court found that a policy favoring liberal discovery facilitates proper litigation. *Id*. This policy is evidenced by Federal Rule of Civil Procedure 26(b)(1) ("Rule 26(b)(1)"), which states that parties may obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party.

In *Schlagenhauf*, the Supreme Court contrasted the lowered relevance standard of Rule 26(b)(1) with the standard prescribed by the text of Rule 35. *See Schlagenhauf*, 379 U.S. at 117. The *Schlagenhauf* Court observed that in addition to relevance, Rule 35 required that before a court may order a mental or physical examination, the matter be "in controversy" and the moving party demonstrate "good cause." *Id*. The Supreme Court reasoned that these two requirements demonstrated a heightened standard that could not be met merely by the relevancy standard of Rule 26(b)(1). *Id*. at 118. Finally, the court concluded that the express limitations in Rule 35 were designed to guard against "sweeping examinations of a party who has not affirmatively put into issue his own mental or physical condition," and "to hold otherwise would mean that such examinations could be ordered routinely." *Id*. at 121-122.

#### ***2. The "In Controversy" Requirement of Rule 35***

In ruling on a motion for a Rule 35 examination, a court must determine whether the moving

party affirmatively demonstrates that the other party's mental condition "is really and genuinely in controversy." *Schlagenhauf*, 379 U.S. at 118. The district court in *Turner v. Imperial Stores*, 161 F.R.D. 89 (S.D. Cal. 1995), conducted an extensive analysis of case law to determine whether a party's claim of "emotional distress" is sufficient to place that party's mental state in controversy. The *Turner* Court found that courts will order a mental examination where, in addition to emotional distress, cases involve one or more of the following: 1) a cause of action of Intentional Infliction of Emotional Distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) a plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) a plaintiff's concession that her mental condition is "in controversy" within the meaning of Rule 35. *Id*. at 95. In *Turner*, the court found that the weight of authority suggested that "garden-variety" emotional distress alone is not sufficient to place a party's mental state in controversy. *Id*. at 97. The court in *Turner* explained that Rule 35 was not meant to be applied in so broad a fashion as to allow courts to order a mental examination whenever a plaintiff claimed emotional distress. *Id*. at 97. Courts evaluating a Rule 35 motion also consider whether a party has alleged some type of *ongoing* mental injury. *See, e.g., Bridges v. Eastman Kodak Co.*, 850 F.Supp. 216, 221-22 (S.D.N.Y. 1994) (ongoing severe mental injury); *Duncan v. Upjohn*, 155 F.R.D. 23, 25 (D.Conn. 1994) (ongoing psychiatric harm); *Hodges v. Keane*, 145 F.R.D. 332, 334 (S.D.N.Y. 1993) (ongoing mental illness).

## III. DISCUSSION

### A. PLAINTIFF HAS WAIVED HER PRIVACY RIGHTS

Plaintiff acknowledges that she is seeking damages for her mental and emotional distress. On July 24, 2007, Plaintiff filed a document entitled "Plaintiff's Request for Relief" (docket no. 39 herein) in which she states she is requesting $100,000.00 in "actual damages for emotional trauma, humiliation, embarrassments and physical injuries as a result of the emotional trauma, including inability to sleep, depression and associated mental health injuries requiring continuing medical

treatment."[3] By law this allegation of serious on-going mental and emotional distress, along with the request for damages for those injuries, constitutes a waiver of Plaintiff's right to privacy with respect to her mental health records to the extent her mental health information is relevant to this lawsuit.

Plaintiff has not cited any legal authority that would support her implicit contention that only her discussions with her mental health providers that are expressly about Defendants are relevant to this lawsuit. As Defendants note, they are entitled to discover what other causes exist for Plaintiff's emotional distress, regardless of whether any such other causes occurred before the events at issue in the lawsuit or afterwards. *See, e.g., Doe v. City of Chula Vista*, 196 F.R.D. at 570 (finding one year time limit on records sought was too restrictive where Doe had received counseling earlier than that time period).

**B. A Rule 35 Exam is Warranted Because Defendants Have Shown That Plaintiff's Mental State is "In Controversy" and That There Is "Good Cause" for the Examination**

In Plaintiff's "Request for Relief," she alleges her damages include "depression and associated mental health injuries." The fact that Plaintiff is alleging *ongoing* mental injury is shown by her statement that her mental health injuries require "continuing medical treatment." Thus, Plaintiff's mental and emotional state is "in controversy."

Further, Plaintiff attached to her Request for Relief a note from her doctor which states that the additional stress of this court case is worsening Plaintiff's bipolar disorder and depression, thus indicating that at least some portion of Plaintiff's current emotional distress may not be compensable in this lawsuit. *See, e.g., Knussman v. Maryland*, 272 F.3d 625, 642 (4th Cir. 2001) ("Generally speaking, litigation-induced emotional distress is never a compensable element of damages").

Because Plaintiff has put her mental state in controversy, and particularly in light of the evidence already in the record suggesting that not all of Plaintiff's *ongoing* emotional distress is a result of the acts complained of in the complaint, there is good cause for a Rule 35 examination. However, the examination must be limited to the nature, extent and cause(s) of Plaintiff's emotional distress, depression and related mental health injuries. Further, as Defendants have not sought any

---

[3] Plaintiff has repeated this request in subsequent filings, such as the request for a subpoena she filed on June2, 2008 (docket no. 66).

psychological testing (such as an MMPI), no such testing will be ordered.

In their moving papers, Defendants indicate "the exam will provide insight into Plaintiffs mental condition, such as whether she suffers from a personality or mood disorder which might affect her perception of events." Such an assessment of Plaintiff's credibility by Defendants' expert would be improper because a party may not use psychiatric expert testimony to impugn another party's credibility. *See Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 883 (8th Cir. 1998). Accordingly, Dr. Missett shall not make any inquiry into, nor assessment of, the issue of whether any of Plaintiff's mental health conditions affect her perception of events.

Before the examination, Defense counsel shall send a copy of this order to Dr. Missett, along with a cover letter advising him of this court's order that he abide by the limitations set forth herein.

**C. DISCOVERY CUT-OFF**

Plaintiff also argues that the motions should be denied because discovery is purportedly closed. Plaintiff has not directed the court's attention to any order where Judge Fogel set a "discovery cut-off" date. *See* Civil L.R. 26-2. There is a reference to "5/30/08 as the discovery deadline" in a minute order entered after the April 25, 2008 Case Management Conference. (*See* Docket No. 59.) From the file herein, it appears that this deadline refers to an extension of time Plaintiff sought for responding to certain discovery requests Defendants had propounded.[4] Moreover, Plaintiff cannot now assert that May 30, 2008 was a discovery "cut-off" in light of the fact that she herself served discovery subpoenas after that date, and successfully moved to compel compliance with those subpoenas.

Because at the hearing of these motions it appeared no discovery cut-off had yet been set, the court set a discovery cut-off of January 16, 2009.[5]

**D. PROTECTIVE ORDER**

---

[4] *See* Defendants' Amended Case Management Conference Statement (docket no. 58) at 4:22 – 5:6, Plaintiff's "Ordered Schedule Date For Completion of Discoverys (Admission/Interrogatories)" (docket no. 60), and Defendants reply thereto (docket no. 61) at 2:26 – 3:4.

[5] At the hearing the court initially indicated it would close discovery as of the hearing date. However, after Defendants noted they had not yet completed their discovery, the court set the deadline for January 16, 2009. It would be inequitable to immediately close discovery without any advance notice where, in reliance on the absence of any pending discovery cut-off date, the party had not yet completed their discovery.

Rule 26(c) of the Federal Rules of Civil Procedure authorizes the court to "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Given the sensitive nature of mental health information, there is good cause to protect Plaintiff's mental health information from disclosure beyond what is necessary to allow Defendants to prepare their defense.

**III. CONCLUSION**

Because Plaintiff has put her mental and emotional state at issue in this lawsuit, she has partially waived her right to privacy. The waiver is limited to information Defendants reasonably need in order to test Plaintiff's claim that Defendants' conduct caused her to suffer serious, ongoing mental and emotional distress. Defendants are entitled to evaluate how much of Plaintiff's mental and emotional distress is attributable to their conduct, so that they have a fair opportunity to prepare their defense for trial. The protective order issued herein is warranted to protect Plaintiff's privacy to the extent possible in the context of this litigation.

Dated: *12/3/08*

PATRICIA V. TRUMBULL
United States Magistrate Judge

***Counsel automatically notified of this filing via the court's Electronic Case Filing system.***

copies mailed on ______________ to:

Cathy Enwere
1263 Madera Ave.
Menlo Park, CA 94025

______________________________
CORINNE LEW
Courtroom Deputy