UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CATHY ENWERE,<br><br>    Plaintiff,<br><br>    v.<br><br>TERMAN ASSOCIATES, L.P., dba<br>TERMAN APARTMENTS, et al.,<br><br>    Defendants. | Case No.: C 07-1239 JF (PVT)<br><br>**ORDER RE MID-DEPOSITION DISPUTES** |

On March 16, 2009, the parties appeared for Plaintiff's deposition in the conference room outside of Courtroom 5 of this court. During the course of the deposition various disputes arose between the parties, and hearings were held before Magistrate Judge Patricia V. Trumbull. Based on the discussions and oral argument presented during those hearings,

IT IS HEREBY ORDERED that Plaintiff's objection to various deposition questions related to her mental health, and about events that may have affected her mental health, are OVERRULED. Plaintiff objected to that line of questioning on grounds that the information sought is irrelevant because District Judge Fogel purportedly "dropped" her claim for emotional distress. However, a thorough review of the court file does not support Plaintiff's claim that Judge Fogel "dropped" Plaintiff's claim for emotional distress.

On July 24, 2007, Plaintiff filed a document entitled "Plaintiff's Request for Relief" in which

she states that the acts of Defendant G & K Management Company caused "emotional distress and/or injury to my mental health," and notes that she is seeking "$100,000 in actual damages for emotional trauma, humiliation, embarrassments and physical injuries as a result of the emotional trauma, including inability to sleep, depression and associated mental health injuries requiring continuing medical treatment." (*See* Plaintiff's Request for Relief, Docket No. 39 herein.) This document appears to have been filed in response to Defendants' motion to dismiss Plaintiff's amended complaint in which they noted "In addition, Plaintiff fails to allege that she was injured in any way." (*See* Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss Plaintiff's Complaint as Amended, Docket No. 20 herein, filed May 29, 2007, at 9:8-9)

On July 31, 2007, District Judge Fogel issued an order granting Defendants' motion to dismiss with leave to amend, in which he referenced Plaintiff's Request for Relief, but noted that the court was not considering it at that time because Plaintiff would be filing a second amended complaint. (*See* Order Granting Motion to Dismiss with Leave to Amend, Docket No. 41, fn. 4.)

Plaintiff filed her second amended complaint on August 29, 2007. In her second amended complaint, Plaintiff included a section on "Injuries Suffered." Among other things, the second amended complaint alleges that "As a result of Defendants' racially discriminatory conduct, Plaintiff suffered mental and emotional injury and/or distress and embarrassment." (See Second Amended Complaint re Housing Discrimination ("Second Amended Complaint"), at 10:18-19.) In her prayer for relief, she states that she is seeking among other things, "such damages as would fully compensate Plaintiff, Cathy Enwere for the injuries caused by defendants discriminatory actions pursuant to 42 U.S.C. §§3612(o)(3) and 3613(c))."

On March 25, 2008, District Judge Fogel issued an order granting in part and denying in part Defendants' motion to dismiss Plaintiff's Second Amended Complaint. In that order, Judge Fogel dismissed all of Plaintiff's claims except the claim based on 42 U.S.C. §§ 3604(d). Judge Fogel did not mention in his order, much less "drop," Plaintiff's claim for damages for any emotional distress she suffered as a resulted of Defendants' alleged violation of 42 U.S.C. §§ 3604(d). (*See* Order Granting in Part and Denying in Part Motion to Dismiss ("March 25, 2008 Order"), Docket No. 52.)

One of Plaintiff's own filings just a few months after Judge Fogel's March 25, 2008 Order

shows that she understood that her case still included a claim for emotional distress damages. On June 2, 2008 Plaintiff filed a request for subpoena to be served on HUD and Project Sentinel. (*See* Docket No. 66.) In that request, she notes that the relief she is seeking in this case includes, among other things:

> "$100,000 in actual damages for emotional trauma humiliation, embarrassment and physical injuries as a result of the emotional trauma, including inability to sleep, depression and associated mental health injuries requiring continuing medical treatment."

Moreover, in an order issued on February 9, 2009, District Judge Fogel notes among other things, that "Plaintiff claims that she suffered emotional distress damages as a result of the discrimination." Accordingly, he upheld this court's orders 1) compelling the San Mateo County Health Department to produce to Defendants Plaintiff's mental health records, and 2) requiring Plaintiff to submit to a Rule 35 mental examination. If Judge Fogel had "dropped" Plaintiff's claims for emotional distress damages from the case, Plaintiff's mental condition would not be "in controversy." Thus, Judge Fogel's February 9, 2009 order upholding this court's finding that Plaintiff's mental condition *is* "in controversy," shows that Plaintiff's claim for emotional distress damages has *not* been dropped from the case.

IT IS FURTHER ORDERED that Defendants may bring a motion for relief based on Plaintiff's failure to answer various questions.[1]

During the hearing on the parties' mid-deposition disputes, Defense counsel expressed frustration with the difficulty she was encountering in attempting to depose Plaintiff. Defense counsel stated she wanted 1) an order precluding Plaintiff from using any evidence of emotional distress damages, and 2) an order precluding Plaintiff from using at trial two witnesses for whom Plaintiff did not provide any contact information in response to deposition questions seeking such contact information. Plaintiff responded to the latter request by asserting that Defense counsel has no idea whether or not Plaintiff has the addresses of the two witnesses. Plaintiff also indicated she thought she should be allowed to first ask the witnesses if they want their addresses and phone

---

[1] The court expresses no opinion regarding the kind of motion Defendants should file, nor what specific relief may be warranted. As this court noted at the hearing, any discovery motion should be noticed on this court's calendar, while any substantive motion should be noticed on District Judge Fogel's calendar.

ORDER, *page 3*

numbers given out.

With regard to mental health related questions, this court ruled from the bench that, at least to start with, the time frame would be limited to the period from 2002 forward, and indicated to Plaintiff that she was required to answer questions about her mental health and related events within that time frame. However, the court was not inclined to issue rulings on Defendant's requests for sanctions in the context of a mid-deposition hearing, so the court told Defendants they should file a motion.

Dated: *3/19/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge

***Counsel automatically notified of this filing via the court's Electronic Case Filing system.***

copies mailed on   *3/19/09*          to:

Cathy Enwere
1263 Madera Ave.
Menlo Park, CA 94025

            */s/ Donna Kirchner*          for
            CORINNE LEW
            Courtroom Deputy